UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIKE MIKHA NAGARA,<br><br>Defendant. | Case No. 2:02-cr-00241-LRH-RJJ<br><br>ORDER |

Defendant Mike Mikha Nagara moves for a compassionate release (ECF No. 85), under 18 U.S.C. § 3582(c)(1)(A)(i). The Government filed an opposition (ECF No. 87), and the Defendant replied (ECF No. 90). For the reasons contained within this Order, the Court denies Nagara's motion.

**I.   BACKGROUND**

On August 20, 2002, Nagara pled guilty to possession of 297.84 kilograms of pseudoephedrine (a precursor to methamphetamine), in violation of 21 U.S.C. § 841(c)(2), and was sentenced on August 10, 2004, to 108-months imprisonment (a downward departure), followed by three years of supervised release. The Court ordered Defendant to self-surrender to the Bureau of Prisons on November 12, 2004. Defendant, however, failed to do so and absconded to Mexico. It was not until January 23, 2018, that Nagara was arrested on the bench warrant issued for his failure to surrender. The Government then indicted him on the separate charge, failure to self-surrender, on April 11, 2018. Nagara pled guilty, and the Court sentenced him to 12-months imprisonment to run consecutive to his 108-month sentence, followed by three-years of supervised

release, also to be served concurrently to the prior three-year supervised release sentence. With good time credit, Nagara is scheduled for release on July 27, 2026.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Defendant provides that his compassionate release petition was denied by the Warden of Lompoc on May 26, 2020. *See* ECF No. 85-1. While the record does not support that Defendant appealed this denial, the Government concedes that Defendant has exhausted his administrative remedies. Therefore, the Court will decide Nagara's motion on the merits.[1]

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)   (A) extraordinary and compelling reasons warrant the reduction; or
>
>        (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;

---

[1] *See United States v. Rodriquez-Acedo*, Case No. 19-cr-03539, 2020 WL 4192289, at *2 (S.D. Cal. July 21, 2020) (finding that while "exhaustion is mandatory, the government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion.").

     (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

     (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

**III. DISCUSSION**

     The Court finds that extraordinary and compelling reasons do not exist in this case, under any of the four provisions. Nagara does not qualify under the age provision: while he is 68 years old and is suffering from health issues, he has not served either 10 years or 75 percent of his term of imprisonment. Nagara also does not qualify under the family circumstances provision: there is no indication that he needs to be released from prison to either care for an ailing spouse or minor children.

     Nagara argues that extraordinary and compelling reasons exist because he suffers from Type-2 Diabetes mellitus, chronic kidney disease, hyperlipidemia, inguinal hernia, diverticulosis of intestine, and a disorder of the urinary system, all making him particularly vulnerable to COVID-19 complications. After reviewing his medical condition, while it is clear that Nagara suffers from significant health concerns, all appear stable and under control.

     Nagara further argues that the grave prison conditions at Lompoc FCI support his release. Currently, the BOP is reporting that no inmates or staff are positive for the virus at either Lompoc FCI or USP.[2] 714 inmates and 19 staff have recovered from the virus at Lompoc FCI and 147 inmates and 28 staff have recovered at Lompoc USP. The Court recognizes that 4 inmates have died of the virus between the two facilities and that an inmates' incarceration should not be a death sentence. However, given these numbers at Lompoc, the Court finds that extraordinary and compelling reasons do not exist in this case.

///

---

[2] https://www.bop.gov/coronavirus/ (last visited November 6, 2020).

Finally, the section 3553(a) factors do not warrant early release. Nagara's crime was serious and involved possession of a significant quantity of pseudoephedrine—297.84 kilograms. To date, Nagara has only served approximately half of his total sentence. On the underlying offense, the Court sentenced Defendant to 108 months, a downward departure from the guidelines that called for 168 – 210 months based on Defendant's timely surrender. But rather than take responsibility for his crimes, he fled to Mexico for approximately 13 years. Of particular note, had Nagara not fled to Mexico and had surrendered himself in November 2004, he would have been released in early 2010, 10 years prior to this pandemic. The Court finds that Nagara should serve the full sentence that it imposed to reflect the seriousness of his crimes, both his serious drug offense and his failure to surrender, promote respect for the law, and provide adequate punishment for his crimes. The Court further finds that this sentence is appropriate to adequately deter this conduct and protect the public.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's motion for compassionate release (ECF No. 85) is **DENIED.**

IT IS FURTHER ORDERED that Defendant's Exhibit A (ECF No. 86) is to remain **SEALED** to protect the privacy of the Defendant.

IT IS FURTHER ORDERED that Defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* FED. R. CRIM. P. 43(b)(4).

IT IS SO ORDERED.

DATED this 9th day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE